Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RENEE WALKER<br>      Plaintiff | :<br>:<br>: |
| v. | : Docket No. |
| MRS ASSOCIATES<br>      Defendant | :<br>: JURY TRIAL DEMANDED<br>: |

## COMPLAINT

NOW COMES the Plaintiff, RENEE WALKER, by and through her attorneys, KIMMEL & SILVERMAN, PC, for her complaint against the Defendant, MRS ASSOCIATES, Plaintiff states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy ancillary to Defendant's collection efforts.

## JURISDICTION & VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and has its principle place of business in New Jersey and therefore, personal jurisdiction is established.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. RENEE WALKER (hereinafter "Plaintiff") is an individual who was at all relevant times residing in Dorchester, Massachusetts.

7. At all relevant times, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. MRS ASSOCIATES (hereinafter "Defendant") is a business entity engaged in the collection of debts and incorporated in the State of New Jersey with a business address located at 1930 Olney Avenue, Cherry Hill, New Jersey 08003.

9. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Defendant.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **PRELIMINARY STATEMENT**

11.     The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq.* The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12.     In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.     In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many

debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

### FACTUAL ALLEGATIONS

15. At all pertinent times hereto, Defendant was allegedly hired to collect a debt relating to a bill originally owed to a credit card company.

16. The alleged debt at issue arose out of transactions that were primarily for personal, family or household, purposes.

17. As recently as November 9, 2009, Defendant and its agents, employees, etc., continuously contacted Plaintiff on her home and cellular telephones, as well as at her place of employment, in an attempt to collect an alleged debt.

18. Defendant's representative, "Christopher," contacted Plaintiff on her home, cellular telephone, and work phone numbers *everyday* in an attempt to collect the alleged debt.

19. At times, Defendant would contact Plaintiff four (4) to six (6) times a day.

20. Plaintiff told Defendant to stop contacting her; however, Defendant ignored Plaintiff's instructions and continued to contact her daily.

21. Plaintiff disputed owing the debt.

22. In response, Defendant threatened Plaintiff that they were "going to call [her] everyday multiple times until [she] pay[s] this bill."

23. Defendant threatened to garnish Plaintiff's wages for not paying this alleged debt; however, as of the filing of this complaint, Defendant has not garnished Plaintiff's wages.

24. On at least one occasion, Defendant's employee, representative and/or agent, informed Plaintiff that they were calling from an attorney's office and that they intended to take her to court.; again, as of the filing of this complaint, Defendant has not sought to take Plaintiff to court in an attempt to collect the alleged debt.

25. As of the date of filing, Defendant has neither filed suit nor retained counsel to carry out the threat of litigation made to Plaintiff nearly one year earlier.

26. These harassing and threatening phone calls are evidence of the harassing nature of Defendant. Despite its obligations under the FDCPA, Defendant continued in its efforts to collect on the debt allegedly owed by Plaintiff and continued to threaten Plaintiff.

27. In addition to repeatedly contacting Plaintiff in its efforts to collect this alleged debt from her, Defendant contacted Plaintiff's family members, specifically her mother and sister, under the guise that they were looking for Plaintiff, despite having Plaintiff's contact information.

28. Moreover, Defendant disclosed to Plaintiff's family members that it was contacting Plaintiff in an attempt to collect a debt.

## CONSTRUCTION OF APPLICABLE LAW

28. The FDCPA is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996); *see also Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); *Clomon v. Jackson*, 988 F. 2d 1314 (2d Cir. 1993).

29. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §§1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002).

30. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F. 2d 107 (3d Cir. 1991); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." *Id.* The least sophisticated consumer standard serves a dual purpose in that it ensures protection of

all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. *Clomon,* 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

31. Defendant violated the FDCPA based on the following:

   a. Defendant violated 15 U.S.C. §1692b(2) when it disclosed to persons other than Plaintiff that Plaintiff owed a debt;

   b. Defendant violated 15 U.S.C. § 1692b(3) when it communicated with third persons more than once in its attempts to collect a debt;

   c. Defendant violated 15 U.S.C. § 1692c(b) when it communicated, in connection with the collection of a debt, a person other than Plaintiff;

   d. Defendant violated 15 U.S.C. § 1692d when it engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt;

   e. Defendant violated 15 U.S.C. § 1692d(5) when it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff;

   f. Defendant violated 15 U.S.C. § 1692e when it used false, misleading and deceptive means in connection with the collection of an alleged debt;

   g. Defendant violated 15 U.S.C. §1692e(3) when it made false representations or implications that an individual is an attorney or that any communication is from an attorney;

   h. Defendant violated 15 U.S.C. § 1692e(4) when it represented or implicated that nonpayment of any debt will result in the garnishment or attachment of any wages Plaintiff when it did not intend to take such action;

   i. Defendant violated 15 U.S.C. § 1692e(5) when it threatened to take an action that it did not intend to take.

   j. Defendant violated 15 U.S.C. § 1692e(10) when on its own or through its agents and assigns, used false representation or deceptive means to collect the debt;

k. Defendant violated 15 U.S.C. § 1692f through its agents and employees, by using unfair and deceptive means to collect a debt; and

l. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

32. As a consequence of the Defendant's foregoing actions, Plaintiff has suffered and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## JURY DEMAND

33. Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RENEE WALKER, by and through her attorneys, respectfully pray for judgment as follows:

a. Declaratory judgment that Defendant's conduct violated the FDCPA;

b. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

c. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

d. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3); and

e. Any other relief deemed appropriate by this Honorable Court.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Date:  November 5, 2010

Respectfully submitted,

Kimmel & Silverman, P.C

By: /s/ Amy L. Bennecoff
Amy L. Bennecoff
*Attorney ID # AB 0891*
Kimmel & Silverman, P.C
1930 E. Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Phone: (856) 429-8334
Facsimile (856) 216-7344
Email: abennecoff@creditlaw.com